UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGBIR SINGH,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br>Respondents. | No. 1:26-cv-05198-DJC<br><br>ORDER |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) filed by a noncitizen who is currently by Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1226(c)(1). Petitioner is a native and citizen of India who entered the United States in February 2023. (Suppl. Br. (ECF No. 14) at 2.) In July 2025, Mr. Singh was arrested in California, convicted of attempted robbery, and sentenced to 270 days in jail. (*Id.*) On October 9, 2025, following his release from criminal custody, Petitioner was taken into ICE custody. (*Id.*) He has remained detained at Golden State Annex since. Petitioner was ordered removed on June 26, 2026 and has filed an appeal with the Board of Immigration Appeals ("BIA") which remains pending. (Opp'n (ECF No. 17) at 2; Opp'n, Ex. A (ECF No. 17-1) at 1).)

On April 20, 2026, this Court concluded that Singh is subject to mandatory detention under 8 U.S.C. § 1226(c). *Singh v. Warden of California City Det. Facility*, No. 1:25-cv-01862-DJC-EFB, 2026 WL 457119, at *4 (E.D. Cal. Feb. 18, 2026), *report and recommendation adopted* No. 1:25-cv-01862-DJC-EFB (HC), 2026 WL 1069730 (E.D. Cal. Apr. 20, 2026). The Court agrees with Petitioner that the "issue presented by this second petition is materially different from the issue the Court confronted when it denied Mr. Singh's prior petition in April 2026. At the time the Findings and Recommendations issued in the prior action, Mr. Singh had been detained for approximately four months. The Court expressly relied on the relatively short duration of that detention in concluding that Mr. Singh had not demonstrated that his mandatory detention had become unreasonably prolonged." (Suppl. Br. at 1.)

The Court has previously joined other districts in concluding that unreasonably prolonged detention under section 1226(c) without a bond hearing can violate the Due Process Clause. *See Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)); *Keo v. Chestnut*, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117, at *1 (E.D. Cal. Mar. 17, 2026). As this Court has explained in past cases, *Demore v. Kim*, 538 U.S. 510 (2003) contemplated limits to mandatory detention under section 1226(c) and cannot be used to justify indefinitely prolonged detention. *See, e.g.*, *Yang v. Chestnut*, No. 1:26-cv-01902-DJC-EFB, 2026 WL 915018, at *2 (E.D. Cal. Apr. 3, 2026).

To determine if Petitioner's due process rights have been violated, the Court "first asks whether there exists a protected liberty interest under the Due Process

Clause," then "examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was initially detained in October 2025 and has remained in custody for over a year. Petitioner faces indefinitely prolonged detention while the administrative and judicial review of his asylum claim takes place. As Petitioner has been deprived of the liberty secured by the Due Process Clause, and this deprivation will continue for a protracted and indefinite period, Petitioner has established his liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must determine whether Petitioner is now due process under the Constitution. Courts in this Circuit weigh the following factors to ascertain when prolonged detention pursuant to 8 U.S.C. § 1226(c) violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7.

First, the length of detention, which is "the most important factor," weighs in Petitioner's favor as Petitioner has been detained for over a year. *Martinez*, 2019 WL 5968089, at *9. This duration is well past the length other courts have found warrants a bond hearing under the Due Process Clause. *See, e.g. Yagoub v. LaRose*, No. 3:26-cv-00914 JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding Petitioner's

detention of "nearly eight months" without a bond hearing weighed in Petitioner's favor); *Amado v. United States Dep't of Just.*, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases).

The second factor also weighs in Petitioner's favor. This factor requires consideration of "the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9. Petitioner was ordered removed on June 26, 2026 and has filed an appeal with the Board of Immigration Appeals ("BIA") which remains pending. (Opp'n at 2.) The duration of his detention while his BIA and potential judicial review takes place is indefinite. *See Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (collecting cases where an appeal "had already been filed" and "the courts found that length of appeal favored petitioner" due to "the length of time the appeals process can take").

The third factor favors Petitioner. As Respondents state, Petitioner "received a 270-day sentence; his civil detention has only recently exceeded that benchmark." (Opp'n at 2.) Petitioner's detention has now exceeded 400 days, which is significantly more than his 270 day sentence.

The fourth factor weighs in the Government's favor. As Respondents notes, Petitioner's "attempted robbery conviction is serious." (Opp'n at 3.)

The fifth factor considers conditions of confinement. "The more that conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Martinez*, 2019 WL 5968089, at *9 (citation omitted). Here, Petitioner is detained at the Golden Annex Detention Facility. "[T]he circumstances of [noncitizens'] detention are similar, so far as we can tell, to those in many prisons and jails." *Jennings v. Rodriguez*, 583 U.S. 281, 329 (2018)

(Breyer, J., dissenting). Moreover, the Ninth Circuit has noted "evidence of subpar medical and psychiatric care in ICE detention facilities." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). While Petitioner has not provided specific evidence about conditions, "he is confined in a secure civil detention facility and cannot live or work in the community while litigating his appeal." *Ye v. Larose*, No. 1:26-cv-05291-DJC-SCR, 2026 WL 2678331, at *2 (E.D. Cal. Sept. 11, 2026). The Court therefore finds that this factor favors Petitioner.

The sixth factor is neutral. This factor asks whether a petitioner has stalled his proceedings through dilatory or bad-faith tactics. *Martinez*, 2019 WL 5968089, at *10 (internal citations omitted) (collecting cases). Respondents argue that Petitioner's late-filed BIA appeal weighs against relief. (Opp'n at 3.) A missed filing deadline, without more, does not show bad faith, particularly given the complexity of removal proceedings; Respondents themselves describe the dispute as litigated in good faith. (*Id.*) Petitioner's appeal is a proper avenue for relief that Petitioner is entitled to pursue and does not constitute bad faith delays. *See Liban M.J. v. Sec'y of Dep't of Homeland Sec.,* 367 F. Supp. 3d 959, 965 (D. Minn. 2019) (holding that Petitioner with a pending BIA appeal "is entitled to raise legitimate defenses to removal" and such defenses are not "dilatory"). Therefore, it does not weigh against him.

The seventh factor favors the Petitioner. The delay remains "attributable to the Government" even when it is "not the result of intentional [government] action." *See Martinez*, 2019 WL 5968089, at *10.

Finally, the eighth factor is neutral. The Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal and, therefore, declines to do so. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

The balance of these factors supports Petitioner: five of the six load-bearing factors, including the most important one–the length of Petitioner's detention–weigh in Petitioner's favor while only one weighs in the Government's favor. Having established Petitioner has a liberty interest and determined that his prolonged and indefinite detention entitles him to process, the Court holds the appropriate remedy at this stage of the proceedings is a bond hearing.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2. Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.[1] In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions,* 872 F.3d 976, 1000 (9th Cir. 2017). If the Petitioner requests additional time before the immigration judge, the time for the Respondents to comply with the bond hearing order is automatically extended. Any representation by the Petitioner in immigration court that the Petitioner is not prepared to go forward with

---

[1] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here. *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).

the bond hearing shall be treated as a request for a continuance, and not a withdrawal of the bond hearing request.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 16, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC10 – JagbirSingh. 1:26-CV-05198-merits